UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DALLAS LEON DUGGER, and <br> DEBORAH ANN DUGGER, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA/ <br> COUNTRYWIDE LOANS, <br><br> Defendant. | Case No. 1:10CV00076 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss, #13, filed June 17, 2010. Responsive pleadings have been filed and this matter is ripe for disposition.

**I. Statement of the Case**

The *pro se* plaintiffs are residents of Poplar Bluff, Missouri. They filed this action on May 5, 2010, alleging that defendant Bank of America/Countrywide violated the Troubled Asset Relief Program (TARP) and the Home Affordable Modification Program (HAMP), programs created under the Emergency Economic Stabilization Act of 2008, by requiring plaintiffs to pay the defendant $485.02 in fees before they modified the plaintiffs' home loan. Plaintiffs further allege that defendant stole $926.00 from plaintiffs' escrow balance on their mortgage. Defendant filed a motion to dismiss this action for failure to state a claim upon which relief can be granted.

**II. Legal Standard of Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial

and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (*quoting Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008)(quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).  Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice.  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). Finally, where a court can infer from those factual

allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With this plausibility standard in mind, the Court turns to an examination of defendant' motion to dismiss.

## III. Discussion

Defendant argues that plaintiffs' claim should be dismissed because Congress did not create a private right of action to individual borrowers against lenders in the Emergency Economic Stabilization Act of 2008 (EESA), the legislation under which the TARP and HAMP programs were created. Indeed, neither EESA, TARP, nor HAMP provides a private right action to individual borrowers. *See, e.g., Gonzalez v. First Franklin Loan Services,* Civil Action No. 09-CV-00941-AWI-GSA, 2010 WL 144862 (E.D.Cal. Jan. 11, 2010); *Regions Bank v. Homes by Williamscraft, Inc.*, Civil Action No. 1:09-CV-91-TWT, 2009 WL 3753585 (N.D.Ga. Nov. 6, 2009) ("the court finds that there is no express or implied right to sue fund recipients under TARP"); *Santos v. Countrywide Home Loans*, Civil Action No. 2:09-02642-WBS, 2009 WL 3756337 (E.D.Cal. Nov. 6, 2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1185 (N.D.Cal. 2009). Thus, to the extent that plaintiffs attempt to state a claim under TARP or HAMP, their claim shall be dismissed.

Plaintiffs also allege that defendant stole $926.00 from the plaintiffs' escrow balance. Plaintiffs, however, have not alleged any facts that would support a fraud claim or any other claim against defendant. The Deed of Trust for the property at issue explicitly states:

> Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

Provided that the escrow amounts were used to pay for "(a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required [by the Lender]," defendant was within its right to use funds from the escrow balance to pay for such charges. Plaintiffs have alleged no facts that would support an inference that defendant has done otherwise. Therefore, plaintiffs' claim of "theft" or fraudulent use of the escrow balance against defendant shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is dismissed in its entirety with prejudice.

Dated this ___16th___ day of August, 2010.

UNITED STATES DISTRICT JUDGE